OPINION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ALBERTO GONZALEZ,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO.  B-09-097<br>§   (CRIMINAL NO.  B-07-384)<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Juan Alberto Gonzalez's (Gonzalez) Motion To Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The United States filed a response to which Gonzalez has filed a traverse. (Docket Nos. 9, 14). Gonzalez's motion should be denied for reasons detailed below.

## BACKGROUND

Gonzalez pleaded guilty in the Southern District of Texas, Brownsville Division, to being found illegally in the United States after having been deported and after having been previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). United States District Judge Hilda G. Tagle sentenced Gonzalez to forty-eight months in prison, a three-year term of supervised release without supervision, and a $100 special assessment. No fine was imposed because Gonzalez was found to be indigent.

Gonzalez directly appealed his sentence on the basis of an error in the judgment entered. Judge Tagle amended her judgment, and after that amendment, the Fifth Circuit Court of Appeals ruled that the basis for Gonzalez's appeal was rendered moot by the changes made to the original

judgment. Gonzalez did not file a Petition for Writ of Certiorari with the Supreme Court of the United States.

Gonzalez filed his § 2255 motion on April 10, 2009. (Docket No. 1). The United States filed a response on June 18, 2009, and the Movant responded to that response on July 10, 2009. (Docket Nos. 9, 14).

## ALLEGATIONS

Gonzalez first alleges that his counsel was ineffective at the time of the submission of his guilty plea, sentencing, and subsequent appeal. Gonzalez also claims the ineffective assistance of counsel as a result of his attorneys' failure to clarify that Gonzalez was a minor when the two previous felonies used to increase his criminal background points transpired.

Gonzalez next alleges that his counsel was ineffective because his trial attorney did not request a fast-track downward departure at the time of sentencing, and had that attorney done so, Gonzalez's sentence would have been lowered.

## SECTION 2255 STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge is extremely limited, being reserved only for issues of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct

appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## DISCUSSION

*I. Gonzalez's motion is timely.*

The Court must determine whether it may properly consider claims brought pursuant to a § 2255 motion before addressing the specific allegations within. The issue of Gonzalez's timeliness in filing his § 2255 motion is particularly significant. *United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not Movant's § 2255 motion was time-barred).

Title 28 U.S.C. § 2255 provides a one-year time limitation for filing a motion to vacate, set aside, or correct sentence. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final for § 2255 purposes at the expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S.

314, 321 n.6 (1987).  Gonzalez's direct appellate process expired on March 10, 2009, ninety days after the Fifth Circuit Court of Appeals affirmed the district court.  In the absence of a Petition for Writ of Certiorari, the judgment becomes final ninety days after the court of appeals enters its judgment. *Clay v. United States*, 537 U.S. 522, 525 (2003). ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) Gonzalez was required to file a § 2255 motion by March 10, 2010, or one year from the expiration of the direct appellate process. Gonzalez filed the instant motion on April 10, 2009, and so, his motion is timely.

## *II. Gonzalez's ineffective assistance of counsel claims are meritless.*

Gonzalez first alleges that his counsel was ineffective at the time of the submission of his guilty plea, sentencing, and subsequent appeal,  as a result of his attorneys' failure to clarify that Gonzalez was a minor when the two previous felonies used to increase his criminal background points transpired.

Gonzalez next alleges that his counsel was ineffective because his trial attorney did not request a fast-track downward departure at the time of sentencing, and had that attorney done so, Gonzalez's sentence would have been lowered.

A. The Ineffective Assistance of Counsel Standard

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has

4

> two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* standard also applies to allegations of defective appellate counsel as well. *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the

Constitution." *Id.* In order to establish that he sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a petitioner must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert.*

*denied*, 479 U.S. 1057 (1987).

B. The Juvenile-Status Claim

Gonzalez's first ineffective assistance of counsel claim relates to the felonies for which he was convicted of before his eighteenth birthday. Specifically, he notes that he was a juvenile at the time of those convictions, and therefore, he should not have received the criminal history points that routinely accompany previous felonies committed by an adult offender. Mot. to Vacate at 2 (Docket No. 2).

Gonzalez states that "the performance of petitioner's [sic] counsel, at sentencing and on appeal, was objectively unreasonable. There was not ambiguity whether petitioner's 'juvenile' conviction for robbery was excludable under [U.S.S.G] § 4A1.2(d) for offenses committed prior to the age of eighteen." Traverse at 4. (Docket No. 15). Gonzalez further states, "while courts are properly deferential to attorney's discretion, failure to raise an objection to a clear and undisputed error in the PSR is not within the broad range of performance that can be deemed reasonable." *Id*.

Gonzalez own pleadings contradict each other because in his traverse he argues that no objection was raised –giving rise to the ineffective assistance of counsel claim– but in his original petition he himself states, ". . . and objections to the PSI summitted [sic] by attorny [sic] HECTOR A. CASAS." Mot. to Vacate at 4. (Docket No. 1). Moreover, the very first sentence of those objections begins with, "Defendant first objects to the three (3) criminal history points assessed in paragraph twenty-five (25). Defendant was a juvenile at the time." Deft. Obj. to PSIR at 1. (Docket No. 19). Finally, one of the first objections Gonzalez's attorney made at the sentencing hearing raised this very issue. Sentencing Hr'g Tr. at 4. (Docket No. 38). Additionally, it was not a clear and undisputed error to have labeled Gonzalez's previous felonies as non-juvenile. The sentencing

7

court specifically dealt with this issue:

> Also, [Gonzalez] might have been 17, but there's nothing to indicate that he was prosecuted as a juvenile, but instead that he was prosecuted as an adult – or I'm inferring here that there was no prosecution as a juvenile because nothing indicates here that he was.

Sentencing H'rg Tr. at 11 (Docket No. 38). This statement comes at the conclusion of seven transcript pages filled with Gonzalez's attorney advocating that Gonzalez should not be penalized in the instant case as though he had been adjudicated in those cases as an adult. Sentencing Hr'g Tr. at 4-11 (Docket No. 38). Here, the complained-of conduct, the failure to argue, is belied by evidence to the contrary. Because Gonzalez advances his argument as though no objection was made when one clearly was made, that argument must fail. This is not a meritorious ineffective assistance of counsel claim.

C. The Fast-Track Claim

Gonzalez next argues that "petitioner was eligible for a downward departure under [U.S.S.G.] § 5K3.1 if counsel would have raised the proper objection at sentencing." Traverse at 7. (Docket No. 15). United States Sentencing Guidelines Section 5K3.1 is commonly known as the fast-track program by which defendants may receive a lower sentence if their case is disposed of sufficiently early in the life of the action. The section reads:

> Upon motion for the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

U.S.S.G § 5K3.1 (2008). First, the Court notes that the section may only be invoked, "upon motion of the Government," and the lack of a motion by the Government precludes any use of § 5K3.1 as justification for a downward departure. *Id.* Moreover, even upon the motion of the Government, the

8

Court may, as opposed to being required to, depart downward. *Id.* Therefore, it is not professionally unreasonable attorney conduct to not request a downward departure pursuant to 5K3.1 because no such ability to request is contemplated by that sentencing guideline. Moreover, even if somehow Gonzalez's attorney would have requested such a downward departure, the sentencing court was free to refuse to award that downward departure. Therefore, even assuming that the complained-of conduct, the failure to request, can be deemed as professionally unreasonable attorney conduct, there is no actual prejudice as the court could have very well chosen to deny the Government's request. Put another way, Gonzalez is not entitled to a 5K3.1 reduction as a matter of right because such a reduction must be recommended by the Government *and* approved by the Court. Therefore, his attorney's conduct, regardless of its propriety had no impact on a right to which he was otherwise entitled. The absence of that impact, actual prejudice, proves fatal to any claim for ineffective assistance of counsel.

D. Appellate Ineffective Assistance of Counsel Claims

Gonzalez additionally argues that failure to argue both of the above-mentioned claims via direct appeal was also ineffective assistance of counsel. Nevertheless,

> Appellate counsel is not deficient for not raising every non-frivolous issue on appeal. To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision 'fall[s] below an objective standard of reasonableness.' This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.' 'Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.'

*United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004). To the extent that Gonzalez expected his appellate attorney to argue that his trial attorney did not object to the treatment of his previous felonies as adjudications while an adult, and that his attorney should have requested a fast-track

9

downward departure, those claims would have been meritless for reasons already discussed. An appellate attorney is not duty-bound to appeal frivolous issues. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability (CA), a movant may not appeal to the Fifth Circuit from a § 2255 motion. 28 U.S.C. § 2253(c)(1). A movant may receive a CA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, a movant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El,* 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke,* 450 F.3d 158, 163 (5th Cir. 2006).

Although Gonzalez has not yet filed a notice of appeal, the Court may *sua sponte* rule on a CA because the district court that denies relief to a movant is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on the issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000).

After reviewing Gonzalez's motion the Court is confident that no outstanding issue would be debatable among jurists of reason. In the context of a CA, the Court finds that Gonzalez's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Although Gonzalez's motion raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, a CA should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

The Court RECOMMENDS that Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of August 2009.

_____
Felix Recio
United States Magistrate Judge